Debbie P. Kirkpatrick, Esq. (SBN 207112)
Damian P. Richard, Esq. (SBN 262805)
SESSIONS, FISHMAN, NATHAN & ISRAEL, L.L.P.
1545 Hotel Circle South, Suite 150
San Diego, CA  92108-3426
Tel:   619/758-1891
Fax:  619/296-2013
dkirkpatrick@sessions-law.biz
drichard@sessions-law.biz

Attorneys for WEST ASSET MANAGEMENT, INC.,

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CARL JACKSON,<br><br>              Plaintiff,<br><br>     vs.<br><br>CAPITAL MANAGEMENT SERVICES, L.P. WEST ASSET MANAGEMENT, INC.,<br><br>              Defendants. | Case No.  CV-13-8267-DMG-SHx<br><br>DEFENDANT WEST ASSET MANAGEMENT, INC.'S MEMORANDUM IN REPLY TO OPPOSITION TO MOTION TO DISMISS AND MOTION TO STRIKE<br><br>Date: March 21, 2014<br>Time: 9:30 a.m.<br>Courtroom: 7, 2nd Floor<br>Judge: Hon. Dolly M. Gee |

Defendant West Asset Management Inc. ("West") respectfully submits this Memorandum of Points and Authorities in Reply to the Opposition filed by Plaintiff Carl Jackson ("Plaintiff") to West's Motion to Dismiss Plaintiff's

Complaint Pursuant to FRCP 12(b)(6) and Motion to Strike Pursuant to FRCP 12(f).

## I.   INTRODUCTION

After racking-up close to $15,000 in purchases, Plaintiff defaulted on his Barclays credit card. As set forth in the motion, West, Barclays' debt collector, was authorized to "pull" Plaintiff's credit report. West was further authorized to send Plaintiff a debt collection notice. Plaintiff fails to allege, and cannot allege, that West did anything more.

Plaintiff then sued West. On January 14, 2014, counsel for West contacted Plaintiff and explained that his complaint failed to state a claim upon which relief can be granted and that West would be moving to dismiss on that basis.

Plaintiff's Opposition fails to address the glaring factual deficiencies in his Complaint. The Opposition also fails to address West's motion to strike.

Plaintiff's Declaration, filed in support of his Opposition, is an impermissible attempt to assert "new" facts. However, even if considered, the rhetoric in the Declaration offers no cure to the fatal deficiencies in the Complaint. Leave to amend should be denied where the deficiencies in the complaint cannot be cured by amendment.

## II.   NO CLAIM OR CAUSE OF ACTION EXISTS

As set forth more fully in West's motion, Plaintiff fails to plead how West violated the FCRA, FDCPA, or RFDCPA. Plaintiff's Opposition fails to address this deficiency. Under the FDCPA, in response to a request for verification, a debt collector can instead abandon all collection activity with respect to the debt and is not required to verify the debt. *Guerrero v. RJM Acquisitions, LLC*, 499 F.3d 926, 940 (9th Cir. 2007). In other words, if a debt collector is notified that a debt is disputed, it may chose to cease all collection activities rather than verify the debt, which is what occurred here. *Id.*, citing *Jang v. A.M. Miller & Associates*, 122 F.3d 480, 482-83 (7th Cir. 1997). Plaintiff fails to plead that West took any action

after the October 2, 2013 debt collection notice. (Exhibit 1.) The notice was expressly referenced in the complaint and is therefore properly considered on this motion. *Branch v. Tunnell*, 14 F.3d 449, 454 (9th Cir. 1994); *Davis v. HSBC Bank Nevada, N.A.*, 691 F3d 1152, 1159-60 (9th Cir. 2012).

Plaintiff's RFDCPA and FCRA allegations rest on the notion that West was not permitted to access Plaintiff's credit report. However, a party is permitted to obtain an individual's credit information in connection with the collection of a debt. *Perretta v. Capital Acquisitions & Management Co.*, 2003 WL 21383757 at *5 (N.D. Cal. 2003)

## III.  DECLARATION SHOULD BE STRICKEN AS NEW MATTER

Plaintiff's Declaration is an impermissible attempt to assert new facts. In analyzing a FRCP 12(b)(6) motion, the district court cannot consider "new" facts alleged in a plaintiff's opposition papers. *See Schneider v. California Dept. of Corrections*, 151 F.3d 1194, 1197 (9th Cir. 1998).

Notwithstanding, the Declaration only affirms that Plaintiff's complaint is incurable via further amendment. There is no recognized claim, cause of action, or theory which allows Plaintiff the relief he seeks. That is, the ability to accumulate close to $15,000 in credit card purchases, but prior to paying the debt, demand a judicial hearing where each store merchant must physically appear and be cross-examined. (Plaintiff's Declaration, ¶¶ 3-4.)

Plaintiff is essentially demanding an accounting. However, an accounting "is not an independent cause of action but merely a type of remedy and an equitable remedy at that." *Wise v. Wells Fargo Bank, N.A.,* 850 F.Supp.2d 1047, 1055 (C.D.Cal. 2012) (citing *Batt v. City & County of San Francisco,* 155 Cal.App.4th 65, 82, 65 Cal.Rptr.3d 716 (2007)). An accounting may be brought to compel a defendant to account to a plaintiff for money where (1) a fiduciary duty exists; or (2) where no fiduciary duty exists, "the accounts are so complicated that

Reply to Opposition to Motion to Dismiss Plaintiff's Complaint Pursuant to FRCP 12(b)(6) and Motion to Strike Pursuant to FRCP 12(f)

3

an ordinary legal action demanding a fixed sum is impracticable." *Id.* (citing *Civic Western Corp. v. Zila Industries, Inc.,* 66 Cal.App.3d 1, 14, 135 Cal.Rptr. 915 (1977)). To state a claim for accounting, a plaintiff must allege facts showing that "that some balance is due the plaintiff." *Kanady v. GMAC Mortg., LLC,* No. CV F 10–1742 LJO, 2010 WL 4010289, at *12 (E.D. Cal. Oct.13, 2010). Here, there is no amount due to Plaintiff; quite the opposite. Further, there is no fiduciary relationship. Nor is Plaintiff's credit card debt too complicated—he spent it, and now he is now trying to avoid paying it. It appears from the complaint that an accounting is not necessary.

## IV. LEAVE TO AMEND SHOULD BE DENIED

It is not an abuse of discretion to dismiss a complaint without leave to amend where the defects in the complaint are not curable. *See Lopez v. Smith,* 203 F.3d 1122, 1127 (9th Cir.2000) (en banc) (a district court need not grant leave to amend if the defects of the complaint cannot be cured). Here, Plaintiff fails to state a cause of action upon which relief can be granted. Through his opposition and declaration he has established that the defects in his complaint are incurable by amendment. Therefore, leave to amend should be denied.

## V. CONCLUSION

For the foregoing reasons, West respectfully requests this Court grant its Motion to Dismiss, with prejudice.

Dated: March 6, 2014        SESSIONS, FISHMAN, NATHAN & ISRAEL, L.L.P.

  */s/ Damian P. Richard*
  Damian P. Richard
  Attorneys for Defendant
  WEST ASSET MANAGEMENT, INC.