UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | **CV 13-8267-DMG-SHx** | Date | June 18, 2014 |
|---|---|---|---|
| Title | *Carl S. Jackson v. Capital Management Services, LP, et al.* | Page | 1 of 2 |

Present: DOLLY M. GEE, UNITED STATES DISTRICT JUDGE

| KANE TIEN | NOT REPORTED |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiff(s) | Attorneys Present for Defendant(s) |
|---|---|
| None Present | None Present |

**Proceedings: IN CHAMBERS—ORDER RE PLAINTIFF'S MOTION FOR RULE 11 SANCTIONS [DOC. # 25]**

    This matter is before the Court on *pro se* Plaintiff Carl S. Jackson's motion for sanctions under Federal Rule of Civil Procedure 11 against Damian P. Richard, attorney for Defendant West Asset Management, Inc., set for hearing on June 20, 2014. [Doc. # 25.] The Court deems this motion appropriate for decision without oral argument. Fed. R. Civ. P. 78(b); C.D. Cal. L.R. 7-15. For the reasons set forth below, Jackson's motion for sanctions is **DENIED**.

    Jackson's motion for sanctions contends that Richard should be sanctioned for filing the February 14, 2014 motion to dismiss [Doc. # 11] and accompanying reply on March 6, 2014 [Doc. # 18], which allege the following facts: (1) that Plaintiff owed a debt of $14,854.30 to Barclays and had a balance of the same; (2) that Plaintiff had a credit card account with Barclay's Bank; (3) that Plaintiff owed a debt; and (4) that Plaintiff defaulted on his credit card debt. (First Mot. at ¶ 9 [Doc. # 25].) Jackson argues that these allegations violate Rule 11(b)(3) of the Federal Rules of Civil Procedure because they lack evidentiary support.

    Jackson requests that the Court strike the memorandum and reply filed in support of the motion to dismiss and impose monetary sanctions. On April 21, 2014, before Jackson's first Rule 11 motion was filed on May 7, 2014, the Court ruled on the pending motion to dismiss. (April 21, 2014 Order at 1 [Doc. # 23.] The Court granted the motion to dismiss with leave to amend. (*Id.* at 6.) In the factual background section, the Order cited one of the facts Jackson asserts is without factual basis: "Jackson's causes of action arise from his delinquent credit card balance of $14,854.30 with Barclays Bank." (*Id.* at 1.) The Court cited to Exhibit 1 in the motion to dismiss for this proposition, which was West Asset Management's Debt Collection Notice to Jackson, noting that a court may consider documents on which the complaint "necessarily relies." Nevertheless, the Court did not rely on this fact in granting the motion to dismiss. Indeed, the Court does not look outside the four corners of the complaint (other than to documents on which the complaint necessarily relies or of which the Court can take judicial notice) when deciding motions to dismiss. While Jackson may object to Defendant's submission

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | **CV 13-8267-DMG-SHx** | Date | June 18, 2014 |
|---|---|---|---|
| Title | *Carl S. Jackson v. Capital Management Services, LP, et al.* | Page | 2 of 2 |

of inadmissible evidence outside the pleadings in support of a motion to dismiss, the Court finds no cause in this case for the imposition of Rule 11 sanctions.

      In light of the foregoing, Jackson's requests for monetary sanctions and to strike the first motion to dismiss and accompanying reply are **DENIED**.

**IT IS SO ORDERED.**